# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARILYN A. COOPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-07-297-RAW-SPS |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

The claimant Marilyn A. Cooper requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons discussed below, the Commissioner's decision should be REVERSED and REMANDED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the

national economy[.]" *Id*. § 423 (d)(2)(A).  Social security regulations implement a five-step sequential process to evaluate a disability claim.  *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g) to two inquiries:  first, whether the decision is supported by substantial evidence; and second, whether the correct legal standards were applied.  *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted].  The term substantial evidence means "'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).  The Court may not re-weigh the evidence nor substitute its discretion for that of the agency.  *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991).  Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight."  *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias* 933 F.2d at 800-801.

---

[1] Step one requires the claimant to establish she is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910.  Step two requires the claimant to establish she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities.  *Id*. §§ 404.1521, 416.921.  If the claimant is engaged in substantial gainful activity, or if her impairment is not medically severe, disability benefits are denied.  At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to a listed impairment), she is determined to be disabled without further inquiry.  Otherwise, the evaluation proceeds to step four, where the claimant must show she does not retain the residual functional capacity (RFC) to perform her past relevant work.  The burden then shifts to the Commissioner to establish at step five that there is work she can perform existing in significant numbers in the national economy, taking into account the claimant's age, education, work experience and RFC.  Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work.  *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

**Claimant's Background**

The claimant was born on January 28, 1956, and was fifty-one years old at the time of the administrative hearing. She obtained a GED and previously worked as a cook in a children's home and an order filler in a distribution center. She alleges disability beginning April 28, 2004, because of lumbar disc disease and left knee chondromalacia of the patella.

**Procedural History**

On January 13, 2005, the claimant protectively filed an application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and an application for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. Both applications were denied. ALJ Kim Parrish conducted a hearing and found the claimant was not disabled on February 20, 2007. The Appeals Council denied review, so the ALJ's decision represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined the claimant had the residual functional capacity ("RFC") to perform sedentary work, *i. e.*, she could lift and/or carry ten pounds occasionally and less than ten pounds frequently; stand and/or walk for two hours in an eight-hour workday; and sit for six hours in an eight-hour workday. The claimant was further limited to only occasional climbing, balancing, stooping, kneeling, crouching and crawling, including "occasionally bend[ing] forward at the waist; occasionally bend[ing] downward by bending legs and spine; and occasionally mov[ing]

about on hands and knees or hands and feet." The claimant could never climb ladders, ropes or scaffolds. The ALJ concluded that the claimant could not return to her past relevant work, but she was not disabled because there was work she could perform in significant numbers in the regional and national economies, *e. g.*, food checker and dietary aide (Tr. 23).

**Review**

The claimant's sole contention is that the ALJ failed to properly analyze the transferable skills that she acquired from her past relevant work. The claimant specifically argues that the ALJ failed to properly document the job duties and skills she acquired as a cook at a children's home when making his step-five determination that she had transferable skills to the jobs of food checker and dietary aide. The undersigned Magistrate Judge finds this contention persuasive.

The record reveals that the ALJ solicited testimony from a vocational expert ("VE") at the administrative hearing regarding the claimant's past work as a cook. The VE characterized the cook job as skilled work with a specific vocational preparation level of six, and it was usually performed at the medium exertional level, but the claimant likely performed it at the light exertional level. Although the claimant could no longer perform her past work (because her RFC called for sedentary work with occasional postural limitations), the VE opined that there would be transferable skills from the cook job to the sedentary, semi-skilled jobs of food checker and dietary aide (Tr. 325). He testified that the claimant's ten years of experience in the cook job resulted in transferable skills of "ordering supplies, inventory, food services, food checking, those kinds of skills." (Tr. 308). The ALJ asked

-4-

the claimant about the length of time she performed the cook job, but he made no inquiry of her about the duties of the job or any skills she acquired (Tr. 309). The only evidence in the record of the claimant's past job as a cook is the information she provided on disability and work history reports. She answered "no" when asked if the cook job required the use of machines, tools or equipment, technical knowledge or skills, or writing and completing reports. Her only description of her job duties was a general statement that "[she] lifted boxes of food, cans, pots and pans and carried them about 40 feet." (Tr. 74-75, 80-81).

"[A] claimant's acquired skills are transferable to other jobs 'when the skilled or semi-skilled work activities [the claimant] did in past work can be used to meet the requirements of skilled or semi-skilled work activities of other jobs or kinds of work.'" *Dikeman v. Halter*, 245 F.3d 1182, 1185 (10th Cir. 2001), *quoting* 20 C.F.R. §§ 404.1568(d)(1), 416.968(d)(1). The Commissioner bears the burden of proving that the claimant has transferrable skills, *see, e. g., Haddock v. Apfel*, 196 F.3d 1084, 1088 (10th Cir. 1999) ("It is not the claimant's burden to produce or develop vocational evidence at step five.") [citation omitted], although "[t]he claimant is in the best position to describe just what he or she did in [past relevant work], how it was done, what exertion was involved, what skilled or semiskilled work activities were involved, etc." Soc. Sec. Rul. 82-41, 1982 WL 31389, at *4. Further, "[w]hen a finding is made that a claimant has transferable skills, the acquired work skills must be identified, and specific occupations to which the acquired work skills are transferable must be cited in the . . . ALJ's decision." *Id*. at *7; *see also Dikeman,* 245 F.3d at 1185.

The Commissioner argues that the ALJ had sufficient information to make step five findings as to the claimant's transferable skills to other work, *e. g.*, the work history report and the testimony of the VE. But the information provided by the claimant in her disability and work history reports, *i. e.*, that the cook job did not require the use of machines, tools or equipment, technical knowledge or skills, or writing and completing reports and that "[she] lifted boxes of food, cans, pots and pans and carried them about 40 feet" (Tr. 74-75, 80-81), clearly does not support the VE's testimony that she acquired the skills of "ordering supplies, inventory, food services, food checking" (Tr. 308). Nor does the testimony given by the claimant at the administrative hearing; the ALJ asked the claimant some general questions about her past work, *e. g.*, the length of time she performed the cook job, but did not inquire about her job duties or any skills she may have acquired (Tr. 309). Taken as a whole, the information provided by the claimant in her work history and at the hearing was at best a "skeleton description" of her past work, *see, e. g., Ogle v. Barnhart*, 123 Fed. Appx. 361, 363 (10th Cir. 2005) (finding description by claimant of computer operations job as "[t]ook orders from customers by computer or by hand" was skeletal description) [unpublished opinion], and as such it was insufficient "to document [her] acquisition of skills." *Dikeman*, 245 F.3d at 1185, *citing* Soc. Sec. Rul. 82-41, 1982 WL 31389, at *4 ("Neither an occupational title by itself nor a skeleton description is sufficient.").

The record in this case reflects no evidence of the duties actually performed by the claimant in her past relevant work as a cook. There is accordingly no evidence that she has any transferrable skills from that work. *See Dikeman*, 245 F.3d at 1187 ("[B]ecause there

is no evidence of the duties plaintiff actually performed as a [cook], there is no evidence of the skills she actually acquired in that position."), *citing Pyles v. Bowen*, 849 F.2d 846, 848 (4th Cir. 1988) ("The Secretary must show that specific skills actually acquired in [past relevant work] are transferable to [other jobs]."). *See also Ogle*, 123 Fed. Appx. at 363 ("[B]ecause the record does not contain a description of the work she performed, it is unclear whether Ms. Ogle's past work . . . qualifies as a skill."). Because the ALJ's step-five determination that the claimant *does* have transferable skills is not supported by substantial evidence, the decision of the Commissioner should be reversed and the case remanded to the ALJ for further analysis.

## Conclusion

The undersigned Magistrate Judge finds that correct legal standards were not applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the Magistrate Judge RECOMMENDS that the ruling of the Commissioner of the Social Security Administration be REVERSED and REMANDED for further proceedings as set forth above. Any objections to this Report and Recommendation must be filed within ten days.

**DATED** this 6th day of March, 2009.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**